**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| MEGAN HAMILTON, | ) | 2:07-cv-01413-HDM-RJJ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| BILL AUBREY, MELINDA RESACRUDO, | ) | |
| and CLARK COUNTY, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Before the court is defendants Clark County and Melinda Resacrudo's ("Resacrudo") motion to dismiss (#17). The plaintiff Megan Hamilton ("plaintiff") has opposed (#20), and the defendants have replied (#21).

On September 20, 2005, plaintiff obtained a protective order against John Papilli ("Papilli") from the Justice Court of Mesquite

1

Township in Clark County.  Just before the order was to expire, plaintiff went to Justice Court to have it extended.  According to the complaint, Resacrudo "incorrectly advised the plaintiff that the order could not be extended and allowed the order to expire."  On the night of November 4, 2005, Papilli shot plaintiff and then killed himself.  Defendant Bill Aubrey ("Aubrey") allegedly provided Papilli with the gun.

Plaintiff has sued Aubrey, Resacrudo, and Clark County.  The first cause of action, negligent entrustment, is only against Aubrey, who is not involved in this motion to dismiss.  The only federal claim is the second cause of action under 42 U.S.C. § 1983.  The third and fourth causes of action are tort claims against Resacrudo only.  Defendants Clark County and Resacrudo have moved to dismiss counts 2, 3, and 4 of the complaint.

In considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), the court must accept as true all material allegations in the complaint as well as all reasonable inferences that may be drawn from such allegations. *LSO, Ltd. v. Stroh,* 205 F.3d 1146, 1150 (9th Cir. 2000).  The allegations of the complaint also must be construed in the light most favorable to the nonmoving party.  *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).  The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  The court can grant the motion only if it is certain that the plaintiff will not be entitled to relief under any set of facts that could be proven under the allegations of the complaint.  *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 338 (9th Cir. 1996). The court need not,

2

however, accept as true those allegations that (1) contradict matters properly subject to judicial notice; (2) are conclusory allegations of law, mere legal conclusions, unwarranted deductions of fact, or unreasonable inferences; (3) are contradicted by documents referred to in the complaint; or (4) are internally inconsistent. *Shwarz*, 234 F.3d at 435; *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998); *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994); *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *rev'd on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002); *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981); *Response Oncology, Inc. v. MetraHealth Ins. Co.*, 978 F.Supp. 1052, 1058 (S.D. Fla. 1997).

I. Individual § 1983 Liability (Resacrudo)

To prove a violation under § 1983, plaintiff must establish that the defendant (1) acting under color of law (2) deprived plaintiff of the rights, privileges, or immunities secured by the Constitution or the laws of the United States. *Amer. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). Resacrudo argues not only that plaintiff has failed to state a claim for § 1983 liability against her, but also that she is entitled to absolute, quasi-judicial immunity.

Quasi-judicial immunity protects those performing functions "closely associated with the judicial process." *Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001) (quoting *Moore v. Brewster*, 96 F.3d 1240, 1244 (9th Cir. 1996)). In determining whether an official is entitled to absolute immunity, the court must look at the nature of the function performed as opposed to the

identity of the official performing it.  *In re Castillo*, 297 F.3d 940, 948 (9th Cir. 2002).  Officials are entitled to immunity where their judgments are "functionally comparable" to those of judges. *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 435-36 (1993); *see also Buckles v. King County*, 191 F.3d 1127, 1133 (9th Cir. 1999).

The Ninth Circuit has held that "court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process . . . unless [the] acts were done in the clear absence of all jurisdiction." *Mullis v. U.S. Bankr. Court*, 828 F.2d 1385, 1390 (9th Cir. 1987).  This includes merely administrative acts that are a part of the judicial function, including a clerks' filing or refusing to file documents with the court.  *Id.*; *In re Castillo*, 297 F.3d at 952.  The Ninth Circuit has affirmed this holding several times since the *Antoine* decision.[1]  *In re Castillo*, 297 F.3d at 952; *see also Brown v. Ponzoha*, 171 Fed. App'x 596, 597 (9th Cir. 2006) (unpublished disposition); *Haile v. Sawyer*, 76 Fed. App'x 129, 130 (9th Cir. 2003) (unpublished disposition); *Wilbanks v. Crotts*, 1995 WL 7519, at *1 (9th Cir. 1995) (unpublished disposition); *Dobard v. U.S. Dist. Court for N. Calif.*, 1994 WL 615719, at *2 (9th Cir. 1994) (unpublished disposition); *Cortland v. Cowlitz County Clerk's Office*, 2007 WL 858342, at *5 (W.D. Wash. Mar. 16, 2007) (holding as covered by absolute immunity court clerk's failure to issue subpoenas).  *But see Samuel v. Michaud*,

---

[1] The Seventh Circuit case cited by plaintiff, *Snyder v. Nolan*, 380 F.3d 279 (7th Cir. 2004), recognizes that its conclusion disagrees with that reached by the Ninth Circuit in *Mullis*, but it suggests that the Ninth Circuit's decision may have been different after the Supreme Court's decision in *Antoine*.  *Snyder*, 380 F.3d at 288 n.7.

4

980 F. Supp. 1381, 1403 (D. Idaho 1996), *aff'd* 129 F.3d 127 (9th Cir. 1997) (holding as not covered by absolute immunity the upkeep of files and exhibits, the filing of documents, the scheduling of hearings, and the transcribing of proceedings from tape recordings because they are administrative in nature and do not require judicial discretion).  Immunity applies even if the act was done in excess of the official's authority, as long as it was done within her jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978).

In *Mullis*, the court held the following functions were entitled to absolute immunity: (1) the clerk's failure to give proper counseling and notice regarding the chapters of the Bankruptcy Code under which the plaintiff could file, as allegedly required by statute; (2) the clerk's acceptance and filing of an incomplete bankruptcy petition; and (3) the clerk's later refusal to accept an amended petition. *Mullis*, 828 F.2d at 1390.  It found that each of those functions were integral parts of the judicial process and that they were within the clerk's "general subject matter jurisdiction." *Id.*

Here, plaintiff's sole claim against Resacrudo is that she incorrectly advised her that the protective order could not be extended and it therefore expired.  Resacrudo's action is similar to the *Mullis* clerk's refusal to accept an amended petition and failure to give properly counseling.  Giving advice involves discretion and is precisely what the doctrine of absolute immunity is intended to cover.  And at least one case has held that judicial advice, even in violation of state law and ethics rules, is entitled to absolute immunity.  *See Cooper v. Parrish*, 203 F.3d 937, 944-46 (6th Cir. 2000) (holding a chancellor's advice to

5

prosecutors on how to draft *ex parte* motions was related to his judicial function and covered by absolute immunity, even if it was improper under ethical and state laws). While there may be some question about whether Resacrudo's act was done in excess of her authority, plaintiff has failed to state a claim that it was done in the clear absence of all jurisdiction, since Resacrudo's act related to her judicial function. Accordingly, the court finds Resacrudo is entitled to absolute, quasi-judicial immunity, and the § 1983 claim against her must be dismissed.

II. Municipal § 1983 Liability (Clark County)

A municipality may be held liable only where it inflicts an injury; it may not be held liable under a *respondeat superior* theory. *Monell v. Dep't of Social Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978); *Gibson v. County of Washoe*, 290 F.3d 1175, 1185 (9th Cir. 2002). A municipality is directly liable for injuries inflicted pursuant to its own policies, regulations, customs, or usage. *Chew v. Gates*, 27 F.3d 1432, 1444 (9th Cir. 1994). The municipality is indirectly liable where an omission amounts to deliberate indifference to the rights of persons with whom the police come into contact, and the deficiencies are closely related to the plaintiff's ultimate injury. *City of Canton v. Harris*, 489 U.S. 378, 388-91 (1989). To establish liability by omission, plaintiff must show that a (1) county employee violated her rights; (2) the county has customs or policies that amount to deliberate indifference; and (3) these policies were the "moving force" behind the employee's violation of plaintiff's constitutional rights. *Gibson*, 290 F.3d at 1193-94.

Clark County argues that plaintiff cannot show its acts or

6

omissions led to plaintiff's injury.  While plaintiff may very well have difficulty showing causation, that is a factual issue which may not be resolved under the standards governing motions to dismiss.  Nevertheless, plaintiff has failed to allege that she has a protectable liberty or property interest under the Constitution.

Plaintiff's complaint asserts that defendants violated her Fourth, Fifth, and Fourteenth Amendment rights.  Defendants correctly argue that the Fourth and Fifth Amendment claims cannot be sustained, and plaintiff does not address them in her opposition.  Accordingly, this order addresses only the Fourteenth Amendment claim.

In her complaint, plaintiff asserts the protective order she was issued should have provided for a hearing for extension prior to its expiration, and that such failure violated her Fourteenth Amendment rights to due process and equal protection.  *See also* Pl. Opp'n 7 ("Plaintiff alleges that her equal protection and due process rights were violated when Melinda Resacruedo aka Melina Pisacreta incorrectly advised Plaintiff that the order could not be extended and allowed the order to expire.").  Specifically, plaintiff alleges Resacrudo acted pursuant to a "de facto" policy to not adequately set extension hearings before protective orders expire and that county officials knew of the policy and failed to discipline or supervise its employees, effectively sanctioning the policy.  Plaintiff explains the legal basis of her constitutional claim only once, stating in her opposition that she "had a constitutional right of due process to be insulated from violence from Mr. Papilli."  Pl. Opp'n 11.

A. Due Process

7

Fourteenth Amendment due process falls into one of two classes: (1) substantive due process; and (2) procedural due process. To prove a violation of either substantive or procedural due process, the plaintiff must show a deprivation of a cognizable liberty or property interest protected by the Constitution. *Williby v. City of Oakland*, 2008 WL 686014, at *4 (N.D. Cal. Mar. 13, 2008). Plaintiff does not specify whether the due process rights she asserts were procedural or substantive.

i. Substantive Due Process

Substantive due process protects individuals from arbitrary deprivation of their life, liberty, or property by the government. *Brittain v. Hansen*, 451 F.3d 982, 991 (9th Cir. 2006). "Only the most egregious official conduct can be said to be arbitrary in a constitutional sense." *Id.* (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998)). To establish this claim, a plaintiff must show both (1) a deprivation of life, liberty, or property, and (2) "conscience shocking behavior by the government." *Id.*

Substantive due process does not provide any affirmative right to governmental aid, even where necessary to secure life, liberty, or property interests of which the government may not deprive the individual. *DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 196 (1989). In fact, a State denies an individual's substantive due process only where it affirmatively restrains an individual's freedom to act on his own behalf, not where it fails to act to protect an individual's liberty interests against harms inflicted by other means. *Id.* at 200. In *DeShaney*, a boy who had been so beaten by his father as to be rendered permanently disabled sued the social services workers who had notice of prior abuse but

8

failed to protect the boy. The plaintiffs in that case asserted a substantive due process claim, alleging the defendants deprived the boy of his liberty without due process by failing to adequately protect him from his father. *Id.* at 194-95. The Supreme Court held:

> [N]othing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors. The Clause is phrased as a limitation on the State's power to act, not as a guarantee of certain minimal levels of safety and security. It forbids the State itself to deprive individuals of life, liberty, or property without "due process of law," but its language cannot fairly be extended to impose an affirmative obligation on the State to ensure that those interests do not come to harm through other means.

*Id.* at 196.

The basis of plaintiff's constitutional claim is that she had a right to be insulated from violence by a third party, Papilli. This is clearly not a protectable liberty interest under *DeShaney*. Moreover, there is no allegation in the pleadings that the defendants' actions put plaintiff in harm's way, thereby stating a claim of state-created danger. Accordingly, there are no set of facts that may be proven under the allegations of the complaint that will support a substantive due process claim.

B. Procedural Due Process

The Fourteenth Amendment protects individuals against the deprivation of liberty or property by the government without due process. *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993). Procedural due process claims require proof of two elements: (1) a protectable liberty or property interest; and (2) a denial of adequate procedural protections. *Thornton v. City of St.*

9

*Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005). As noted, plaintiff cannot assert a protectable liberty interest on the basis of her allegations in the complaint.

Property interests are not created by the Constitution, but by "existing rules or understandings from an independent source such as state law rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Id.* (quoting *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972)). To have a property interest in a benefit, a person must have a legitimate claim of entitlement to it. *Roth*, 408 U.S. at 577. A benefit is not a protected entitlement where government officials may grant or deny it in their discretion. *Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 756 (2005); *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 462-63 (1989). Protected entitlements "arise only when the relevant state law provisions truly make the conferral of the benefit mandatory." *Or. Entm't Corp. v. City of Beaverton*, 233 Fed. App'x 618, 619 (9th Cir. 2007) (unpublished disposition).

Whether a substantive interest created by an independent source such as state law "constitutes a property interest for purposes of the 14th Amendment is ultimately a question of federal constitutional law." *Town of Castle Rock*, 545 U.S. at 757. The analysis is two-pronged: first, the court determines what the state law provides; and second, if state law provides an entitlement, the court determines whether that entitlement rises to the level of a property interest for the purposes of the Fourteenth Amendment. *See id.* at 757, 766-67.

In *Town of Castle Rock*, the Supreme Court looked extensively

at Colorado law to determine whether it provided the plaintiff with an entitlement to enforcement of a restraining order. 545 U.S. 748. Although the restraining order itself contained what seemed like mandatory language ("a peace officer *shall* arrest, or if an arrest would be impracticable under the circumstances, seek a warrant for the arrest of a restrained person when the peace officer has information amounting to probable cause that . . . the restrained person has violated . . . any provision of a restraining order. . . ."), the Supreme Court held an entitlement was not created under Colorado law for two reasons. *Id.* at 752 (emphasis added). First, it held that many statutes contain similar mandatory language for police officers but that the law recognizes officers act in their discretion. *Id.* at 760. Second, whatever entitlement the order provided was unclear; the court noted it could have been that plaintiff was entitled to have her husband arrested, or that she was entitled to efforts to have her husband arrested, or that she was entitled to the police seeking an arrest warrant. Because so many possibilities existed none of them was mandatory and thus none created an enforceable property interest. *Id.* at 764-65. The court further noted that if the entitlement was to have the police seek an arrest warrant, this was nothing more than an entitlement to a procedure, which is insufficient to even support standing. *Id.* at 765. In sum, the Court noted that

> [i]n light of today's decision and that in *DeShaney*, the benefit that a third party may receive from having someone else arrested for a crime generally does not trigger protections under the Due Process Clause, neither in its procedural nor in its 'substantive' manifestations.

*Id.* at 768.

Plaintiff's claim is weaker than that asserted in *Town of Castle Rock*. If holders of protective orders are not entitled to evoke the protections of procedural due process when those orders are note enforced, then holders of protective orders that are about to expire are not entitled to hearings on whether to extend those orders. Moreover, Nevada law regarding protective orders provides the courts with ample discretion.[2] Nev. Rev. Stat. § 33.020(1) states that

> [i]f it appears to the satisfaction of the court from specific facts shown by a verified application that an act of domestic violence has occurred or there exists a threat of domestic violence, the court *may* grant a temporary or extended order [for protection against domestic violence] (emphasis added).

It further states that in deciding whether to grant or deny a temporary or extended order the court "may" require either or both parties to appear before the court. *Id.* § 33.020(2).[3] Clearly, both the issuance of protective orders and whether to conduct hearings on applications for protective orders are discretionary with the court. Thus, plaintiff had no legitimate entitlement to either the order or to a hearing on the order, and her procedural due process claim must fail as a matter of law.

C. Equal Protection

The Fourteenth Amendment's equal protection clause "directs that 'all persons similarly circumstanced shall be treated alike.'" *Plyler v. Doe*, 457 U.S. 202, 216 (1982). To prove her equal

---

[2] It is not clear from the pleadings what authority the protective order in this case was issued under, but Nevada state law regarding protective orders can provide some guidance in determining whether plaintiff has a cognizable property interest.

[3] The language regarding protective orders for harassment in the workplace is similarly discretionary. *See* Nev. Rev. Stat. § 33.270.

12

protection rights were violated, the plaintiff must show either (1) the defendants acted with an intent or purpose to discriminate against her based upon membership in a protected class, *Thornton*, 425 F.3d at 1166-67, or (2) she was treated differently from similarly situated individuals, and there was no rational basis for the difference in treatment, *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

Plaintiff has failed to allege membership in any group or classification unfairly targeted by either Resacrudo's actions or Clark County's policies. Moreover, she has not alleged that she was treated differently by Resacrudo or Clark County than any other persons similarly situated. Accordingly, plaintiff's equal protection claim must be dismissed.

Because the plaintiff has failed to allege any cognizable constitutional violation, Clark County cannot be held liable under § 1983. See *Town of Castle Rock*, 548 U.S. at 768 (noting that because the court determined plaintiff had no property interest in the enforcement of a restraining order, it did not have to reach the question of whether the municipality's policies or customs prevented the police from giving the plaintiff due process when they deprived her of that right).

The defendants' motion to dismiss (#17) is granted as to count 2. This dismisses the only federal claim, and since there is no other basis for federal jurisdiction the court declines to exercise supplemental jurisdiction over plaintiff's state law claims.[4] The

---

[4] A district court need not actuate supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3); *see Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 537 (9th Cir. 1989). It is generally preferable to

plaintiff's supplemental state claims (counts 1, 3, and 4) are dismissed without prejudice to file in state court.

DATED: This 15th day of April, 2008.

_____

UNITED STATES DISTRICT JUDGE

---

dismiss pendent state claims after federal claims have been dismissed. *McCarthy v. Mayo*, 827 F.2d 1310, 1317 (9th Cir. 1987).

14